IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 23-16-7, 9 |
| BHARATKUMAR PARASANA : | |
| and JON JULIAN, : | |

**MEMORANDUM OPINION**

Schmehl, J. October ___, 2024

Defendants Bharatkumar Parasana ("Parasana") and Jon Julian ("Julian") filed motions to sever their respective charges from the charges of their co-defendants. The charges against Parasana are conspiracy to commit visa fraud for allegedly making a false statement in his Petition for Non-Immigrant Worker. The charges against Julian allege that he placed multiple prototype dental implants into patients that were not approved for human use, resulting in charges of conspiracy to distribute an adulterated and misbranded medical device in interstate commerce. These defendants claim that the allegations against them are far more limited in time and scope than the allegations against their co-defendants and therefore should be severed.

Parasana and Julian have filed separate motions to sever their charges from their co-defendants pursuant to Rules 8(b) and 14(a) of the Federal Rules of Criminal Procedure.[1] Fed. R. Crim. P. 8(b). Rule 8(b) "permits joinder of defendants charged with participating in the same racketeering enterprise or conspiracy, even when different defendants are charged with different acts, so long as indictments indicate all the acts charged against each joined defendant (even separately charged substantive counts) are charged as racketeering predicates or as acts

---

[1] Defendant Julian moves only under Fed. R. Crim. P. 14(a).

1

undertaken in furtherance of, or in association with, a commonly charged RICO enterprise or conspiracy." *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991).

Despite Parasana citing to Rule 8(b) in his brief, he never actually argues that he was improperly joined with the co-defendants in this case. Clearly, the instant situation is one in which a joint trial is proper based on the foregoing, and Parasana presented no argument to the contrary. Accordingly, Defendants' motions to sever are denied to the extent they seek severance pursuant to Fed. R. Crim. P. 8(b).

Federal Rule of Criminal Procedure 14(a) provides: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). Rule 14(a) permits district courts to grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The *Zafiro* Court stated that severance of joint trials is likely appropriate where there is a high risk of 'guilty by association,' where a case is complex and the defendants have "markedly different degrees of culpability," or when evidence is probative against one defendant but technically only admissible against a defendant for being a codefendant. *Id.*

Defendants bear a heavy burden under Rule 14(a) and must point to "clear and substantial prejudice resulting in an unfair trial." *United States v. Walker*, 657 F.3 160, 170 (3d Cir. 2011) (citations omitted). The inquiry is "whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005) (citations omitted).

Parasana and Julian both argue that severance is required under Rule 14(a) because a joint trial will be unfairly prejudicial and will deny them a fair trial. First, Parasana argues that he would suffer manifest prejudice as he is only charged with two counts and his sitting alongside multiple defendants charged with multiple unrelated counts could cause the jury to be more likely to convict him. Similarly, Julian argues that his alleged conduct in the indictment is far more limited in time and scope that that of his co-defendants and that the jury will be unable to compartmentalize the evidence against his co-defendants.

The Third Circuit has frequently affirmed the denial of severance motions upon finding that evidence is easily "compartmentalized" by a jury in heeding a court's instructions to consider the counts separately, and thus there is minimal risk of prejudice. See, e.g., *United States v. Scarfo*, 41 F. 4th 136, 182 (3d Cir. 2022) (affirming denial of severance in RICO case, reasoning that severance was not warranted because the jury could "compartmentalize the evidence"), citing *United States v. John-Baptiste*, 747 F. 3d 186, 197 (3d Cir. 2014)).

Further, even in cases where defendants can show prejudice, severance is not mandatory. Rather than taking the extreme action of severance, a court can address the prejudice using a limiting instruction. *Zafiro*, 506 U.S. at 539.

Here, Defendants Parasana and Julian are charged with visa fraud conspiracy and conspiracy to place adulterated and misbranded medical devices in interstate commerce. The RICO conspiracy charge includes these schemes and others. Although there are overlapping witnesses and evidence that prove the different fraud schemes, the alleged schemes are distinct, have separate elements of proof, and are easily compartmentalized and considered separately by the jury. A properly instructed jury will have no difficulty in examining and deciding the charges individually. Accordingly, Defendants' motion to sever are denied to the extent they seek severance pursuant to Federal Rule of Criminal Procedure 14(a).